**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHRISTOPHER GILMORE,**

        **Plaintiff,**

        **v.**                                  **CASE NO.  22-3316-JWL**

**(FNU) NEPH, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

      Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff recently complied with a Notice of Deficiency and was granted leave to proceed in forma pauperis.  Plaintiff is in custody at the Sedgwick County Jail ("SCJ") in Wichita, Kansas.  This matter is before the Court on Plaintiff's Motion for Preliminary Injunctive Relief and Order (Doc. 4).

      Plaintiff asks the Court to order Defendants to "process sureties submitted on June 1st, 2022."  Doc. 4, at 2.  However, Plaintiff does not bring any claim related to a surety in the Complaint.  Therefore, it is not appropriately raised here.  A preliminary injunction grants intermediate relief of the same character as that which may be finally granted.  *De Beers Consol. Mines, Ltd. v. United States,* 325 U.S. 212, 220 (1945).  The Court may not enter a preliminary injunction when the movant seeks intermediate relief beyond the claims of the complaint.  *See Stouffer v. Eulberg,* No. CIV–09–320–C, 2010 WL 567998, at *1, *2 & n. 3 (W.D. Okla. Feb. 11, 2010) (citing *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.")).

Plaintiff also asks the Court to order Defendants to provide him with denture adhesive of his choice.  Plaintiff does raise a claim in his Complaint (Doc. 1) about denture adhesive.  Plaintiff states that "[t]he current product that is on [the] med cart dissolves or breaks down immediately, and is a substantial choking hazard for multiple reasons."  Doc. 4, at 1.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future.  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."  *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).  A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries.  One will not be granted against something merely feared as liable to occur at some indefinite time in the future."  *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).   Plaintiff must establish that "the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."  *Heideman,* 348 F.3d. at 1189.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A preliminary injunction is appropriate only when the movant's right

to relief is clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation.  18 U.S.C. § 3626(a)(2).  Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above.  *Little*, 607 F.3d at 1251.  Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

Because the Court has not yet determined if Plaintiff's Complaint survives screening, he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.  Moreover, Plaintiff has not demonstrated a likelihood of imminent irreparable harm.  Consequently, the Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Preliminary Injunctive Relief and Order (Doc. 4) is **denied.**

**IT IS SO ORDERED**.

**Dated January 23, 2023, in Kansas City, Kansas.**

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**