**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHRISTOPHER GILMORE,**

   **Plaintiff,**

   **v.**          **CASE NO.  22-3316-JWL**

**(FNU) NEPH, et al.,**

   **Defendants.**

**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

   Plaintiff Christopher Gilmore brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff was granted leave to proceed *in forma pauperis*.  Plaintiff is detained at the Sedgwick County Jail ("SCJ") in Wichita, Kansas.  For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

   Plaintiff brings the following counts in the Complaint (Doc. 1):

  **A.  Count I – Eighth Amendment Violation – Excessive Force**

   Plaintiff alleges that he was assaulted by Deputy Neph on December 2, 2022, at the SCJ medical clinic.  Neph was escorting Plaintiff to the clinic because Plaintiff was having breathing issues due to ineffective denture adhesive.  Plaintiff had his hands cuffed behind his back and was holding his dentures in his hands.  Plaintiff avers that Neph "began threatening Plaintiff with more segregation or charges because [of] this Plaintiff's prior accusations against other staff in other incidents."  Doc. 1, at 6.  Plaintiff responded by telling Neph that "his name would be added to Federal Lawsuits for abuse of confined person and deliberate indifference."  *Id.*

1

When they arrived at the clinic, the nurse on duty refused to discuss the issue of denture adhesive with Plaintiff, and Neph began attempting wristlock/armbar submission holds on Plaintiff for some reason. When that failed, he tried to dislodge the false teeth from Plaintiff's hands. When he was unsuccessful, he put his hands around Plaintiff's throat and began to choke him. "Seconds later," Deputy Cadet intervened and stopped Neph. *Id.* at 7. Plaintiff was escorted back to his cell, the cuffs were removed, and Plaintiff told Cadet he wanted to "file Felony Assault charges" against Neph. *Id.*

According to Plaintiff, Neph claims Plaintiff grabbed his hands while he was struggling to put Plaintiff in handcuffs. Plaintiff states this is a lie because he had cuffs on from the time he left his cell at 8:50 p.m. until he was returned to his cell at 9:05 p.m. *Id.*

Plaintiff states that he suffered pain "from injuries" but does not describe any injury. *Id.*

As part of Count I, Plaintiff also names Sergeant Tannehill, Lieutenant Barth, Captain Smith, and Sheriff Easter. He alleges that Tannehill reviewed video of the incident and spoke to Neph. Tannehill then served Plaintiff with an "illegible" disciplinary report for battery on Neph, which was later supplemented with additional reports. *Id.* at 8. Plaintiff explains that he filed the illegible reports in two state causes of action he is currently pursuing in the Kansas Court of Appeals, so he could not attach the reports to the Complaint. *Id.* at 9.

Plaintiff asserts that Barth, while acting as Disciplinary Hearings Officer, violated Plaintiff's rights at hearings on November 2, 2022, and December 7 or 8, 2022, by denying all witnesses, staff representation, and video evidence. *Id.* at 10. Plaintiff claims this violated due process and caused cruel and unusual punishment under the Eighth and Fourteenth Amendments.

**B.  Count II – Eighth Amendment Violation – Conditions of Confinement**

Plaintiff alleges that he was confined to a segregation cell without a working toilet from November 14, 2022, through November 19, 2022.  He states that he was exposed to high levels of methane gas.  He claims he was physically injured (*id*. at 24) but does not describe any injury.  He names Easter, Smith, Barth, and Tannehill as defendants to this count.

**C.  Count III – Eighth Amendment Violation – Cruel and Unusual Punishment**

Plaintiff alleges that beginning on December 4, 2022, his typical 3-4 ounce peanut butter serving was reduced to a 2 ounce serving, and his jelly serving was cut in half.  He states that he is on a kosher diet, and the other recipients of the kosher trays have experienced reduced portions as well.

Plaintiff names Sheriff Easter as the defendant to this count.  He asserts that Easter "wants religious diets to end so a process of attrition is implemented to force inmates onto regular diets with sandwich meats."  *Id*. at 22.

**D.  Count IV – Eighth and Fourteenth Amendment Violations**

Plaintiff alleges that Barth and Smith violated his due process rights because they "used false reports and documents that were not provided to this plaintiff in (2) Due Process hearings." *Id*.  He further alleges that they refused to allow witnesses or video evidence.  Plaintiff asserts that Easter is also liable because he failed to intervene and stop illegal acts.

**E.  Count V – Eighth Amendment and Americans with Disabilities Act ("ADA") Violations**

Plaintiff alleges that in August of 2022, the "Sheriff's Department" created an administrative policy preventing him from receiving a tube of "quality" denture adhesive (Plaintiff prefers Fixodent) twice a month at $5.00 per tube.  The policy was directed at products containing petroleum, which apparently could be used to "melt" windows at the SCJ.  The SCJ or Vital Core

provides Plaintiff with denture adhesive that does not work as well as Fixodent.  Vital Core told him either Fixodent was unavailable or cost too much.  He asserts that the lack of preferred adhesive has caused him "continuous and ongoing physical pain, injury, and severe choking and breathing problems."  *Id*. at 25.

Plaintiff names Sheriff Easter, "et al." and Vital Core as defendants to this count.  *Id*. at 24.

**F.  Relief Sought**

Plaintiff seeks relief in the form of a declaratory judgment stating that Defendants violated his constitutional rights, compensatory damages of $500,000 per each individual defendant and $5,000,000 from Vital Core per every 30 days Plaintiff is deprived of his preferred denture adhesive, and punitive damages of $5,000 per day from June 1, 2022, through January 1, 2023.  He further seeks injunctive relief "commanding all acts that are violations of rights cease and desist" and recovery of lost income and expenses from June 1, 2022, at $40,000 per month.  *Id*. at 26.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988)

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

After reviewing Plaintiff's Complaint, the Court finds that the Complaint is subject to dismissal for the following reasons.

### A.  Abstention

The Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."  *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain*

*Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Plaintiff states that he has two cases pending before the Kansas Court of Appeals (Case Nos. 22-125645-A and 22-125806-A).  He refers to documentation that he filed with the state court, indicating that at least some of the issues he raises here have been raised there.  Plaintiff is given the opportunity to show good cause why the Court should not abstain under *Younger*.

**B.   Count I – Eighth Amendment Violation – Excessive Force**

"Excessive force claims are cognizable under the Fourth, Fifth, Eighth, and Fourteenth Amendment, depending on where in the criminal justice system the plaintiff is at the time of the challenged use of force."  *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1169 (10th Cir. 2021) (citation omitted).  Claims of mistreatment while in state pretrial confinement are not covered by the Fourth Amendment or the Eighth Amendment.  *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019).  They are assessed under the Fourteenth Amendment.  *Id*.

The Supreme Court held in *Kingsley v. Hendrickson* that "the appropriate standard for a pretrial detainee's excessive[-]force claim is solely an objective one" and that therefore "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose."  *Brown v. Flowers*, 974 F.3d 1178, 1182 (10th Cir. 2020) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473–74, 192 L. Ed. 2d 416 (2015)); *see also Colbruno*, 928 F.3d at 1163 ("[T]here is no subjective element of an excessive-force claim brought by a pretrial detainee.").

Not every isolated battery or injury to an inmate amounts to a federal constitutional violation.  *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (stating that not "every malevolent touch by a prison guard gives rise to a federal cause of action.") (citing *Johnson v. Glick*, 481 F.2d 1028,

1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")).   In *Snyder v. Spilde*, the District Court of Colorado considered an incident similar to the one upon which Plaintiff's claim is based and found as follows:

> Merely grabbing and twisting Mr. Snyder's arms does not allege a constitutional violation.  *See e.g., Norton v. The City of Marietta*, 432 F.3d 1145, 1156 (10th Cir. 2005) (dismissing claim in which prison guards were alleged to have injured prisoner by grabbing him around his neck and twisting it because the guards' actions were not objectively harmful enough to establish a constitutional violation); *Reed v. Smith*, No. 97-6341, 1999 WL 345492, at *4 (10th Cir. 1999) (dismissing excessive force claim based on allegations that prison officials grabbed inmate, tried to ram him into a wall, and dragged him while walking him through the prison); *Marshall*, 415 Fed. App'x at 853–54 (dismissing excessive force claim based on allegations that corrections officer dug his fingernails into prisoner's arm without cause to do so resulting in redness and bruising). *Accord De Walt v. Carter*, 224 F.3d 607, 610–11 (7th Cir. 2000) (holding that shoving a prisoner into a doorframe, which resulted in bruising on his back, did not state a constitutional violation); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (holding that bumping, grabbing, elbowing, and pushing a prisoner was "not sufficiently serious or harmful to reach constitutional dimensions."); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (pushing cubicle-cell wall onto prisoner's leg, causing bruises, was insufficient use of force to state a constitutional violation); *Olson v. Coleman*, 804 F. Supp. 148, 149–50 (D. Kan. 1982) (single blow to prisoner's head while escorting him into prison, causing contusion, was de minimis use of force not repugnant to conscience of mankind).

*Snyder v. Spilde*, No. 15-cv-2169-GPG, 2016 WL 1059612, at *3–4 (D. Colo. March 17, 2016).

Plaintiff's allegations are that Defendant Neph twisted his wrist or arm, while cuffed, and choked him for a few seconds.  These allegations fail to state a claim for violation of Plaintiff's constitutional rights.   Count I is therefore subject to dismissal.   Moreover, Plaintiff does not describe any physical injury resulting from the incident.   Therefore, his request for compensatory damages is subject to dismissal as barred by 42 U.S.C. § 1997e(e).

### C.  Count II – Eighth Amendment Violation – Conditions of Confinement

The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)); *see also Hooks v. Atoki*, 983 F.3d 1193, 1203–04 10th Cir. 2020) (declining to extend *Kingsley's* exclusively objective standard for pretrial detainees' excessive force claims to Fourteenth Amendment deliberate indifference claims).

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety."  *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001).

To state a claim of cruel and unusual punishment, the plaintiff has to establish "deliberate indifference."  The deliberate indifference standard includes both an objective and subjective component.  *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).  To satisfy the objective

component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Martinez*, 430 F.3d at 1304.  The objective component is met only if the condition complained of is "sufficiently serious." *Farmer*, 511 U.S. at 832.

With regard to the subjective component, the plaintiff must prove that the defendant acted with a culpable state of mind.  *Farmer*, 511 U.S. at 834, 837 ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *McBride*, 240 F.3d at 1291; *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001) (Deliberate indifference "requires both knowledge and disregard of possible risks.").  It is not enough to establish that the official should have known of the risk of harm.  *Farmer*, 511 U.S. at 837–38; *Barney*, 143 F.3d at 1310.

Because the sufficiency of a conditions of confinement claim depends upon "the particular facts of each situation[,] the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain*, 264 F.3d at 974 (*quoting Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).  "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id.*; *Barney*, 143 F.3d 1311.  As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases.  Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while substantial deprivations. . . may meet the standard despite a shorter duration." *Id.*

Courts have recognized that inmate exposure to sewage can constitute a serious risk to health.  Nonetheless, the frequency and duration of the condition must be considered is assessing

whether the condition is sufficiently serious to support a constitutional claim.  *Shannon*, 257 F.3d at 1168.  For example, a "filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."  *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978).  "Courts have repeatedly held that similar and far worse conditions fail to state a claim because of the brief nature of the incarceration."  *Barney*, 143 F.3d at 1311 (*citing Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994)  (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (eleven day stay in unsanitary cell not unconstitutional because of relative brevity of stay and availability of cleaning supplies); *Harris v. Fleming*, 839 F.2d 1232, 1235–36 (7th Cir. 1988) (five day stay in "filthy, roach-infested cell" not unconstitutional); *Ogbolu v. McLemore*, 107 F.3d 21, *2 (10th Cir. 1997) (cold, wet, drafty, and unsanitary cell for two days does not violate Eighth Amendment).  Here, Plaintiff alleges that he was in a segregation cell without a working toilet for 4-5 days.  He asserts that he was exposed to high levels of methane gas.  Plaintiff's allegations do not state a constitutional claim.

In addition, Plaintiff's failure to cite evidence of physical injury to him from these conditions precludes the recovery of damages based on this claim.  *See Dickinson v. New Mexico Behavioral Health Institute*, 335 F. App'x. 729, 734 (10th Cir. 2009) (where plaintiff alleged unit was unsanitary and smelled of urine and feces, he could not recover compensatory damages absent proof of physical injury from the conditions); *see also* 42 U.S.C. § 1997e(e).

Last, Plaintiff names four defendants to this count but does not allege the personal participation of any of them.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227

(10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

### D. Count III – Eighth Amendment Violation – Cruel and Unusual Punishment

Plaintiff's allegations in Count III also fail to state an actionable claim. While reduced portion size over a long period of time could pose a substantial risk of serious harm, the facts as alleged by Plaintiff have not reached that level. Also, Plaintiff fails to allege a physical injury tied to this count and includes only a conclusory allegation of involvement on Sheriff Easter's part.

### E. Count IV – Eighth and Fourteenth Amendment Violations

This count alleges violation of Plaintiff's due process rights in disciplinary hearings. "The Fourteenth Amendment prohibits states from depriving citizens of liberty without due process of law." *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005). This guarantee applies to prison inmates, but "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Supreme Court has established that protected liberty interests are at issue in the prison setting only when an inmate is subjected to (1) conditions that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or (2) disciplinary actions that "inevitably affect the duration of his sentence." *Harrison v. Morton*,

12

490 Fed.Appx. 988, 992 (10th Cir. 2012)(quoting *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995)).

If a protected liberty interest is implicated, the following procedures must be provided in a prison disciplinary hearing:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985).  The results of the disciplinary hearing must also be supported by "some evidence in the record." *Id.* at 454.

Plaintiff's disciplinary hearing did not implicate a protected liberty interest, so he was not entitled to the due process procedures afforded by *Wolff v. McDonnell*, 418 U.S. 539 (1974).

## F. Count V – Eighth Amendment and Americans with Disabilities Act ("ADA") Violations

"The Fourteenth Amendment prohibits deliberate indifference to a pretrial detainee's serious medical needs." *Crowson v. Wash. Cty.*, 983 F.3d 1166, 1178 (10th Cir. 2020) (internal quotation marks and citation omitted). The two-part Eighth Amendment inquiry governs. *Id.* Objectively, the deprivation must be sufficiently serious to constitute a deprivation of a constitutional dimension; and subjectively, a prison official must know of and disregard an excessive risk to inmate health or safety. *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Martinez*, 430 F.3d at 1304 (quoting *Farmer*, 511 U.S. at 834 (quotation omitted)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted)).  In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted)).

Plaintiff has not satisfied either facet of an Eighth Amendment claim here.  He states no facts suggesting that Fixodent is a basic human need or that the lack of his choice of denture adhesive has caused, or is likely to cause, him any serious physical harm.  He mentions breathing difficulties and choking hazard but only in a conclusory manner.  He does not allege that a medical professional has determined that he has a serious medical need for his preferred denture adhesive. Furthermore, without any allegations suggesting that a doctor has diagnosed Plaintiff with a medical need for Fixodent, the Court cannot find that any defendant knew preventing him from obtaining this product posed an excessive risk of harm to his health. For the stated reasons, the Court concludes that Plaintiff has not presented sufficient factual matter in his Complaint to state an Eighth Amendment claim.

Plaintiff also purports to be making a claim under the ADA.  The ADA prohibits discrimination by government entities on the basis of disability.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity,

or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  To state a claim for a violation of the ADA, a plaintiff must allege that he is disabled within the meaning of the ADA, that he has been excluded from participation in a public entity's services or programs, and that exclusion was because of his disability.  *Robertson v. Las Animas County Sheriff's Dept.*, 500 F. 3d 1185, 1193 (10th Cir. 2007).

Plaintiff's allegations do not fit within the ADA framework because he is not claiming he was denied treatment or services *because of* his alleged disability.  Rather, he is claiming he was denied services *for* his disability.  *See Rosado v. Alameida*, No. CIV.03CV111OJ (LSP), 2005 WL 892120, at *3 (S.D. Cal. Feb. 8, 2005).  While disabled persons are entitled to reasonable accommodation during incarceration (*Robertson*, 500 F. 3d at 1198), the Tenth Circuit has found that the ADA does not generally provide an avenue for prisoners to challenge medical care. *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005); *Nasious v. Colorado*, 495 F. App'x 899, 902 (10th Cir. 2012); *Breedlove v. Costner*, 405 F. App'x 338, 341 (10th Cir. 2010). Failure to provide medical treatment the inmate desires is not actionable under the ADA.  *Nasious*, 495 F. App'x at 902; *see also Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (stating the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners.  No discrimination is alleged; [plaintiff] was not treated worse because he was disabled. . . The ADA does not create a remedy for medical malpractice.").  Thus, Plaintiff fails to state a viable claim under the ADA.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why the claims and defendants discussed above should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file

a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint but instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (22-3316-JWL) at the top of the first page of his amended complaint, and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff is given time to file a complete and proper amended complaint in which he concisely (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff is granted until **March 7, 2023,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 7, 2023,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated February 7, 2023, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**