Christopher Gilmore
Name

141 West Elm

Wichita, Kansas 67203
Address

FILED
MAR 06 2023
Clerk, U.S. District Court
By: [signature] Deputy Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

Christopher Gilmore, Plantiff
(Full Name)

v.

(Fnu) Neph, (Fnu) Rocha, Vital Core Nurse Jane Doe, Vital Core, (Fnu) Tannehill, ~~Vital Core~~, Defendant (s)
(Fnu) Barth, (Fnu) Smith, Jeff Easter, Sedgwick County Bd County Commissioners

CASE NO. 22-3316-JWL
(To be supplied by the Clerk)

Jury Trial Demanded

AMENDED
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

A. JURISDICTION

1) Christopher Gilmore (Plaintiff), is a citizen of Kansas (State) who presently resides at 141 West Elm Wichita, Kansas SCADF (Mailing address or place of confinement.)

2) #1 Defendant Deputy Neph (Name of first defendant) is a citizen of Wichita, Kansas (City, State), and is employed as Detention Deputy · SCADF (Position and title, if any). At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

On duty at SCADF at time/date of assault and violation of rights & laws Dec 2nd 2022 at 850pm thru 9:03pm

United States District Court
District of Kansas

Christopher Gilmore
Plaintiff

v.

Deputy Neph, Deputy Rocha, Deputy Tannehill, Vital Core, Vital Core Nurse Jane Doe, Lt. Barth, Capt. Smith, Jeff Easter, Sedgwick County Bd. of County Commissioners

1st Amended Complaint

Case # 5:22-CV-3316-JWL

1. Jurisdiction and Venue

a) This is a civil action authorized by:
42 U.S.C. Section 1983 to redress the deprivation under color of law, of rights secured by the Constitution of the United States.
This court has jurisdiction under 28 U.S.C 1331 and 28 U.S.C. 1343

b) The District of Kansas is an appropriate venue under 28 U.S.C. 1391 (b)(2) because it is where the events giving rise to this claim occurred.

2. Plaintiff

a) Plaintiff Christopher Gilmore was at all times mentioned herein an Illegally Detained and Civilly Committed Patient in actual custody at the Sedgwick County Sheriffs Dept. in Wichita, Kansas

3. Defendants

#1 Deputy Neph is a detention deputy at the Sedgwick County Adult Detention Facility in the City of Wichita, Kansas. At all times mentioned in this complaint, He acts under color of State law.

#2 Deputy Rocha is a detention deputy at the Sedgwick County Adult Detention Facility in the City of Wichita, Kansas. At all times mentioned in this complaint, She acts under color of State law.

#3 Vital Core Nurse Jane Doe, is an unknown nurse that works for Vital Core Medical Company inside the Sedgwick County Adult Detention Facility in the City of Wichita, Kansas. At all time mentioned in this complaint, She acts under color of State law.

#4 Vital Core Medical is a company / corporation that currently is bound by contract to provide medical, dental, and mental health services at the Sedgwick County Adult Detention Facility in the City of Wichita, Kansas. At all times mentioned in this complaint, this company and all of its employees act under color of State law.

#5 Sgt. Tannehill is a detention deputy in the rank of Sergeant at Sedgwick County Adult Detention Facility in the City of Wichita, Kansas. At all times mentioned in this complaint, he acts under Color of State law.

#6 Lt. Barth is an Adminstrative Level Detention Deputy at the Sedgwick County Adult Detention Facility in the City of Wichita, Kansas. At all times mentioned in this complaint, he acts under color of State law.

#7 Captain Smith is an Administrative Level Detention Deputy at the Sedgwick County Adult Detention Facility in the City of Wichita, Kansas At all times mentioned in this complaint, She acts under color of state law.

#8 Sedgwick County Board of County Commissioners is a Corporation, that creates and implements policy, procedures, and rules that dictate the Administrative activities and functions at the Sedgwick Sheriff Department and Detention Facilities At all times mentioned in this complaint, this defendant acts under Color of State Law.

#9 Sheriff Jeff Easter is the elected Sheriff of the Sedgwick County Sheriff Dept. He holds complete authority over Road Patrol, Investigations, and the Administrative and Detention Staff. He engages in commerce with Vital Core Medical and numerous surrounding counties in the State of Kansas. At all times mentioned in this complaint, he acts under color of State law. He also engages in commerce with the Kansas Department of Aging and Disabilities Services and Larned State Hospital.

All defendants are hereby sued in Individual and Official Capacities, for violations of the Constitutional Rights and Laws of United States.

3) #5 Defendant Sgt. Tannehill is a citizen of
(Name of second defendant)

Wichita, Kansas, and is employed as
(City, state)

Detention Deputy - Seargent. At the time the
(Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

On duty at SCADF on Dec 2nd 2022 between 8:50pm to 2:00am on Dec 3rd 2022. Conspired with Neph to violate rights

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

42 U.S.C. 1985

KSA 21-5413 (b) (1) (A) (B) (C) Aggravated Battery

More on back of this page.

B. NATURE OF THE CASE

1) Briefly state the background of your case:

Beginning June 1st 2022 this Petitioner posts Sureties in compliance with Rule 303 of Judicial Court rules, by presenting an Electronically Signed and Served Negotiable Instrument valued at $500,000 as a Pledge of Assets Surety requirements properly satisfied, the violations of constitutional rights and laws of the United States and State of Kansas begin and continue at a rapid pace What begins as a generic obstruction of due process evolves into a criminal conspiracy by several actors that work for Sedgwick County Sheriff Dept., Larned State

(A)

Hospital, Sedgwick County Attornies, State Board of Indigent Defenders attornies, VitalCore Medical, and Kansas Dept. of Aging & Disabilities, et al

This Plaintiff begins by giving notice in form of E Kites, Grievances, and causes of actions filed in Courts. The record is extensive and substantially developed to affirmatively exhaust all available administrative and legal remedy. Due Process Rights Deprivations, Access to Law Library and copies, Access to courts by mail and electronic means Substantial deprivations across the board. Reprisal by Sedgwick County Detention Staff and VitalCore Medical Staff. Assaulted by Detention Staff causing actual physical injuries, deprived denture adhesive between Nov 27th 2022 thru February 1st 2023, resulting in injury, pain and suffering, and enied basic use of dentures, a prosthetic device for a minimum of 60 days. United States Mail from the United States District Court deliberately withheld from being delivered for at least 21 days, thereby causing this plaintiff to suffer actual injuries at law, by failing to meet deadlines or receiving basic access to materials to research or perfect claims against the same defendants. Extensive Deliberate Indifference or Tacit Authorization, and a culture of cover-ups at SCADF, against this plaintiff and others, over

a number of years, dating back to 2009. In early April 2022, Deputy Mike Foster brutally assaults inmate Johnny Chamberlain by delivering 9 MMA Knee strikes to this inmates hip & torso Causing Serious injury. At that point this plaintiff makes formal complaint about this assault & Battery, and violations of rights. Reprisal forthcoming. On or about April 20th 2022, Deputy Foster Stops plaintiff Gilmore and acts in a hostile, and threatning manner regarding the reports made on him. On June 1st 2022 this plaintiff electronically Submits a Pledge of Assets of $500,000 to the Sedgwick County Sheriff Dept in lieu of bond or professional sureties, in compliance with Rule 303 of the 18th Judicial District Court Rules, governing uncompensated sureties. By sheriff departments actions and lack of response, this plaintiffs 8th Amendment rights to bond is violated, and 14th Amendment rights to Due Process is also violated. All money, checks, bonds, or negotiable instruments are submitted to the Sheriff Dept., and the detained individual is processed for release. By June 5th 2022 the Sheriff Dept. is refusing to process the Sureties / negotiable instrument, or to forward the Electronically Signed and Served Instrument to 18th Judicial District Court, for approval or denial by Judge Kaufman. Another, Due Process Violation. Again.

between June 1st 2022 and July 1st 2022, SBIDS attorney Houston Bales is allowed by 18th Judicial Dis Court to file petitions for civil commitment in bad faith, despite being withdrawn from representation due to emails and letters indicating as such.
On July 1st 2022, 18th Judicial District Court issues a Court Order for an Involuntary Commitment pursuant to KSA 22-3301 thru KSA 22-3303, despite an evaluation report that clearly says competent to understand. LMSW Krista Johnson selects alternative option/means "Unable to Make or Assist in making such persons defense" At that point, the issue was not competency/incompentency due to mental illness, but rather it was due to an Organic Disorder, due to injuries inflicted by WPD SCAT Officers deliberately crashing this plaintiff from behind while riding a motorcycle. Due to controlling Case State v. Shawn M. Johnson. (Kan. 2009) this plaintiff was entitled to immediate release on this issue, and on posted bonds, with no record of missed Court dates. These facts are submitted only for the purpose of supplementing the background on this case.
On dates between June 1st 2022 thru October 28th 2022 This plaintiff is denied copies, law library, administrative remedy at all levels by Sedgwick County Sheriff Dept., Vital Core, and multiple other actors and agencies.
On October 28th 2022, Deputy Rocha paid two inmates "K2" smokable paper narcotics to place a lithium tablet battery in this plaintiffs cell, so as to effect a search

of this plaintiffs cell and create a disciplinary action, and lockdown. This all being reprisal for reporting Dep. Mike Foster for assaulting 1 inmate and killing another inmate on Aug 25th 2022. On or about Nov 3rd 2022 Lt. Barth conducts a Due Process hearing, and denies a staff advocate, witnesses, or the viewing of the video evidence showing inmate(s) entering the cell of this plaintiff. On November 14th 2022, this plaintiff is moved to segregation cell 1-04-MA which is an out of service cell due to plumbing issues. The toilet does not work, is full of human waste and excrement. Methane fumes from the toilet and plumbing is so strong that it burns the eyes and lungs. This plaintiff is forced to remain in this cell for 5 days until it is repaired on Nov 19th 2022 by bldg maintence - Joe. This plaintiff requests to be moved every shift of everyday. Refused. This plaintiff has an established history of asthmatic issues and psarchoidosis, due to exposure to livestock confinement and pork production facilities. Methane gas which is 25 times more toxic and dangerous than carbon dioxide is emitting from toilet into a 40 sq ft. cell with no ventilation for 5 days. This causes actual physical injury, and suffering symtoms of wheezing, and shortness of breath, with severe headaches since Nov 19th 2022. On December 2nd 2022, the night before the first segregation sanction ends, this plaintiff who is suffering breathing issues because of no dentures and the

high levels of Methane Gas exposure. This plaintiff fina[lly] gets to leave cell and go to clinic, only to be refus[ed] even a basic evaluation, and then ends up assaulte[d] for absolutely no objectiveally reasonable reason oth[er] than for deputies and Vital Core Staff to inflict abus[e] and further subject plaintiff to sanctions and loss of liberty interests, so as to further impede access to legal research, materials, and access to courts. While in segregation, and despite having Pro Se causes of action filed in court, Lt. Barth issues an IOF Inmate Observation Form which commands staff to deny this plaintiff access to legal materials research (Tablet) and is further deprived law library access. After doing 34 days locked in segregation. The incident on Dec 2nd occurs at the clinic with Neph, Nurse, and Rocha. That incident is described in detail in body of complaint. Upon release from Segregation on January 9th 2023, this Plaintiff is moved to cell 12-43A into another cell with Plumbing issues. The water stays running until Jan 19th at which time it gets turned off. This plaintiff is forced to remain in 12-43A with No Running Water for almost 30 days, and sometimes must use toilet water for drinking at night, while pods are without Staff. After this plaintiff was moved from 12-43A to 12-33MA they put another handicapped inmate into the cell, with no running water from Feb 19th 2023 thru the date of this writing Feb 28th 2023. This concludes this Summary, with specific facts outlined in complaint

C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.) 8th Amendment violations

Count 1 A) (1) Count I: 14th Amendment violations - Excessive Force 42 U.S.C. 1985 Conspiracy to interfere with civil rights. (2) (3), KSA 21-5416 (a) Mistreatment Confined person, KSA 21-5413 (b) (1) (A) (B) (C) Aggravated Battery

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

Defendant #1 (FNU) Neph Defendant #5 Sgt. Tannehill

Defendant #2 (FNU) Rocha

Unknown Defendant #3 Vital Core nurse Jane Doe

Defendant #4 Vital Core Medical

See Attached Cause of action Count #1

Count 2 B) (1) Count II: 8th Amendment violation - Deliberate Indifference cruel and unusual punishment

KSA 21-5416 Mistreatment of a Confined Person

(2) Supporting Facts: Defendant #6 Lt. Barth, Defendant #9 Easter, Defendant #7 Smith Defendant #8 Sedg County Bd County Commissioner

See attached Cause of Action Count #2

Count 4    8th Amendment Violation, 14th Amendment Violation
42 USC 1985 Conspiracy to Interfere with Civil R

Supporting
facts:    Defendant #6 Lt. Barth    Defendant #7 Capt. Sm

Count 3 Violation of 8th Amendment Rights

Violation of KSA 21-5416

(2) Supporting Facts:

Defendant # 4 Vital Core Medical

Defendant # 9 Jeff Easter - Sheriff SCSD

See attached Cause of Action Count # 3

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☒. If your answer is "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a) Parties to previous lawsuit:

Plaintiffs: __________

Defendants: __________

b) Name of court and docket number __________

c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) __________

d) Issues raised __________

e) Approximate date of filing lawsuit __________

f) Approximate date of disposition __________

e) Approximate date of filing lawsuit ______________________

f) Approximate date of disposition ______________________

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes [X] No [ ]. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought. All Notice Requirements met unequivocally. Approximately 200 E Kites and Grievances filed over a period exceeding 8 months. Everything Summarily Denied On Feb 1st 2023, Vital Core admitted fault and negligence and began providing appropriate denture adhesives.

2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

1. Declaratory Judgement that Defendants Violated Constitutional Rights. 2. Compensatory Damages from each defendant in the amount of $500,000.00 3. $10,000,000.00 in Compensatory Damages from VitalCore. 4. $5000.00 per day in Punitive Damages from June 1st 2022 thru Jan 1st 2023 from Sedgwick County Bd. of County Commissioners 5. Recovery of Income at $40,000 per month over →

______________________ Signature of Attorney (if any)

Chris Gilmore
______________________ Signature of Plaintiff

______________________

______________________

______________________
(Attorney's full address and telephone number)

Verification of Complaint on back

from Sedgwick County Board of County Commissioners and Jeff Easter.

Verification

I have read the foregoing complaint and hereby verify that matters alleged therein are true, except to matters alleged on information and belief, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at SCADF in Wichita Kansas
On Feb 28th 2023
/s/ Christopher Gilmore

 Cause of Action

Defendant # 1 Deputy Neph
Defendant # 5 Sgt. Tannehill
Defendant # 4 Vital Core Medical
# 2 Deputy Rocha
# 3 Vital Core Nurse Jane Doé

Count 1 Laws & Rights Violations

a) 14th Amendment Violations - Excessive Force, Due Process, Equal Protection of the laws

b) 42 U.S.C. 1985 (2)(3) Conspiracy to Intefere with Civil Rights.

c) KSA 21-5413 (b)(1)(A)(B)(C) Aggravated Battery
KSA 21-5416 (a) Mistreatment of a Confined Person

Facts

On December 2nd 2022 at approximately 8:30 P.M. Plaintiff Gilmore was in cell 1-04 MA in segregation. At this time plaintiff requested breathing treatment and denture adhesives due to breathing problems associated with being deprived use of dentures, due to issues with jail administration and Vital Core Mgmt. Pod 1 deputy called the clinic approximately 20 minutes prior to Deputy Neph arriving at section A Pod 1 to escort this plaintiff to the clinic. This was at approximately 8:49 PM. At 8:50 PM this plaintiff was placed in handcuffs, behind my back, with dentures in hands. Immediately Deputy Neph began verbal exchange with this plaintiff, by stating; "If this trip was about dentures / denture adhesives issues, he would be locking me down with more segregation time". Plaintiff then provides verbal notice

to Dep. Neph that this evening clinic visit was in fact specifically related to issues with breathing, due to prosthetic device deprivation. All reasonable inferrences could be drawn from the fact that I had dentures in my hands, and showed them to him before being handcuffed at Pod 1 Section A entrance. This event is on camera view and dvr Storage at Master Control and administration servers. As this deputy walks next to plaintiff, he continues to incite verbal exchange and makes it clear he does not like this plaintiff due to other complaints against some of his co-workers, and lawsuits previously filed. While on elevator adjacent to Pod 1 this plaintiff makes a respectful request that Neph should be advocating on this plaintiffs behalf, because Vital Core is an Independant Contractor paid to provide services to inmates health care needs. Plaintiff Gilmore makes it perfectly clear that the duty of care that falls upon Sedgwick County Sheriff Dept. lies first with the Sheriff Department, then with VitalCore. This plaintiff further advises Neph that because I am a "Patient" under a Civil Commitment Order, and that Larned State Hospital / KDADS is paying Sedgwick County to house me until a bed comes available, I therefore fall under an extraordinary or special circumstances. due to protected class and/or vulnerable adult status. Neph continues to incite verbal exchange

and this plaintiff properly advises Deputy Neph that he is to advocate on my behalf, rather than the Medical Contractor, VitalCore. Again he makes overt remarks to the effect of not liking this plaintiff, and stating he would never help, whether I was in right or wrong. At this point, this plaintiff advises Neph his name would be added to a Federal lawsuit for violating rights and deliberate indifference. Once Plaintiff Gilmore and Neph arrive at clinic, Plaintiff asks to be removed from handcuffs, but Neph refuses and tells plaintiff to remain standing next to officers desk. Plaintiff Gilmore remains fully compliant and waits approximately 1-2 minutes, and then VitalCore Nurse Jane Doe comes out of nurses station office, asks why plaintiff is at clinic, then turns around and walks back into the office, stating treatment is being refused. Immediately thereafter, Neph begins trying to sling/jerk this plaintiff by grabbing on the right elbow, and forearm. This could have easily ended up being a takedown to floor manuever, but because Dep Neph is very weak, and physically unable to manipulate or execute, he fails. Due to failing in his objectives, he begins trying to manipulate a wrist-lock/armbar manuever, then moves to attempt fingers bending. Everything he attempts fails because of poor execution and training. The whole time this is occurring, this plaintiff keeps

asking what his problem was, because I was walking towards clinic exit, and in compliance. Near the Clinic exit door, Neph becomes so enraged by his failure to place this plaintiff into a submission or other pain inflicting position, and he also fails to dislodge false teeth from my hands; that he loses self control and slams his hand(s) around my neck and attempts to choke me against the wall. After a few seconds, Deputy Cadet intervenes and tells him to stop, because he is out of line, and wrong. Once Dep Cadet is intervening, Neph begins to restrain himself, realizing this situation went too far.
When Deputy Cadet came running out of Nurses office, Deputy Rocha came out also and the expression on her face, was not that of surprise, but more of a smirk as this situation had been pre-arranged. After the incident, Cadet and Neph escorted me back to cell 1-04MA and removed the handcuffs. At that point, I told Dep. Cadet I wished to put Felony Aggravated Battery charges on Neph, because of the choking element and culpable mental state he exibited between 8:50PM thru 9:03PM
Deputy Cadet told me he would take care of this situation, but after leaving my cell; Sgt. Tannehill becomes involved and reviews dvr footage from the clinic. The video footage clearly shows this plaintiff being assaulted by Dep. Neph, and

at that point Tannehill tells Neph to write a report. Once the report is written by Neph, it is passed to Sgt. Tannehill who changes some of the details Neph's report said. Tannehill writes Official Disciplinary Summons and Reports, and makes claims that this plaintiff assaulted Neph by grabbing his hands, while being handcuffed at the clinic. This is absolutely false, because this plaintiff was handcuffed the entire time from 8:50 PM thru 9:03 PM. Tannehill comes to cell 1-04 MA about 2 hours to 3 hours later and serves Illegible Copies of Reports on this plaintiff. He also video records this interaction and clearly states he does not care about this plaintiffs rights or the fact the copies being served are illegible. This occurred at approx 120 am on Dec 3 2022 Prior to Neph's arrival at Pod 1 Section A, he is at the clinic, in the office speaking to Dep Rocha and unidentified Vital Care Nurse-Jane Doe. This is irrefutable because video footage from 8:35 PM thru 8:49 PM in the clinic depicts Neph, Rocha, and the Nurse discussing why this plaintiff was coming to the clinic. After speaking he leaves the clinic and comes to escort plaintiff, with a plan, it can be reasonably inferred that due to the previous issues with Dep Rocha on the 28th of October being accused of paying "K2" paper to inmates, this

would be an ideal oppurtunity to effect reprisal. The hallways to the clinic were vacant, and there was only 1-2 other inmates in the clinic, and they were in exam rooms with other nurses. Because there was no disturbances by this plaintiff and the fact plaintiff was handcuffed. It is easy to infer that there was no Objectively Reasonable cause to escalate to Submission Holds, and physicallyassaultive action against this plaintiff. Furthermore, there were 2 other deputies that were sitting less than 10 feet away from where the assaultive acts by Neph began. If this plaintiff was doing something wrong, Neph could have simply asked the other 2 deputies, Cadet and Rocha to assist, and it would have changed the dynamic of the situation from 1 to 1 Staff/Inmate ratio to a 3 to 1 ratio. Video footage of the clinic completely and uequivocally controverts all claims by Rocha, Neph, and Tannehill. The day after this incident Sgt. Tannehill and Lt. Barth administratively locked access to the video, so as to prevent other staff from showing the video to plaintiff or releasing it to other parties.

Upon information and belief, it is reasonable that the Vital Core nurse and Rocha did not forsee this situation developing into violations of civil rights, aggravated battery and a lawsuit. Outcome bias or other errors in thinking

Conceivably affected their decision making process, when the simple scheme to get revenge backfired. Once the gravity of this sinks in, the other actors will choose to mitigate their involvement, and provide direct evidence testimony on what Neph's or Rocha's mental state actually was.

In describing the physical injury and pain inflicted by Nephs actions, this plaintiff has stiffness in right wrist adjacent to the ulnar styloid injury this plaintiff had surgery for years ago. This plaintiffs neck and jaw area also still has pain and stiffness and persistent headaches. It is further noteworthy that the reason the clinic request was made, never got checked regarding the shortness of breath and a well established history of breathing issues at this facility, and prior records of chronic care designation/classification. Assaulting a person by attacking the neck & throat area while handcuffed rises to a higher level of seriousness, as the handcuffs become an instrument or weapon that provides material assistance to the assault. Non violent inmates are always removed from handcuffs upon arrival to the clinic. Video evidence shows that did not happen.

Defendant #1

Therefore, on December 2nd 2022 Deputy Neph did then and there violate this plaintiffs 14th Amendment Rights by using force on this plaintiff that was unreasonable in light of facts and circumstances at

the time. This defendant Knew that use of force presented risk to this plaintiff, then recklessly disregarded plaintiffs safety by failing to take reasonable measures to minimize risk of harm, and defendants caused some harm to this plaintiff.

Therefore on December 2nd 2022 Deputy Neph did then and there violate KSA 21-5413(b)(1)(A)(B)(C) Aggravated Battery and KSA 21-5416(a) Mistreatment of a confined person, in violation of the laws of the State of Kansas.

5413 This occurred by Knowingly causing bodily harm, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or
Knowingly causing physical contact with another person in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, or death can be inflicted.

5416 Mistreatment of a confined person is Knowingly abusing, neglecting or ill treating any person, who is detained or confined by any law enforcement officer, or by any person in charge of or employed by the owner or operator of any correctional institution.

Defendant #3

Therefore on December 2nd 2022 Nurse Jane Doe did then and there violate KSA 21-5416(a) Mistreatment of a confined person, in violation of the laws of the State of Kansas This occurred by Knowingly refusing evaluation or treatment for breathing issues, despite a clearly established medical history and newly developed issues because of sewage exposure and denture adhesive deprivation. This conduct Aided & Abetted assault by Defendant Neph.

Therefore on December 2nd 2022 Nurse Jane Doe did then and there violate 8th and 14th Amendment Rights by aiding and abetting the conduct of Deputy Nephs use of Force on this plaintiff that was unreasonable in light of facts and circumstances that time. This defendant had advance notice and intent to refuse plaintiff of any medical care, due to a pre-arranged plan that was developed in the clinic office between 8:30 PM & 8:48 PM on the date of assault. Deprivation of medical care and denture adhesive were substantial overt acts. This was done in furtherance of a culpable mental state.

Count 1
42 U.S.C. 1985 Conspiracy to Interfere with Civil Rights

Defendant # 1 Neph
On December 2nd 2022 between the hours of 8:30 PM thru 8:48 PM Deputy Neph, did then and there violate 42 U.S.C. 1985 by entering into a conversation and prearranged plan with Nurse Jane Doe and Deputy Rocha to deny this plaintiff breathing treatment, or evaluation, and denture adhesive. They further planned the escalation in behavior by Deputy Neph as a reason to extend this plaintiffs segregation time. This act was committed in a "Place of Confidence", for the purpose of interfering with the civil rights, due to the fact there was No Objectively Reasonable cause to obstruct or impede plaintiffs Liberty Interests. As a result of this conduct, this plaintiff was injured in fact, at law; and in equity.
There is video evidence of defendants 1 thru 3 meeting up in clinic, prior to escorting plaintiff.

Defendant # 2 Rocha

On December 2nd 2022 between the hours of 8:30 PM and 8:48 PM Deputy Rocha did then and there violate 42 U.S.C. 1985 by entering into a conversation and pre arranged plan with Nurse Jane Doe and Deputy Neph to deny this plaintiff breathing treatment, evaluation, and denture adhesives. They further planned escalation in behavior by Deputy Neph as a reason to extend this plaintiffs segregation time. This act was committed in a Place of Confidence for the purpose of interfering with civil rights, due to the fact there was no objectively reasonable cause to obstruct or impede plaintiffs liberty interests. As a result of this conduct, this plaintiff was injured in fact, at law, and in equity. There is video evidence to support this claim.

Defendant #3 Nurse Jane Doe - VitalCore

On December 2nd 2022 between hours of 8:30 PM and 8:48 PM Nurse Jane Doe of Vital Core did then and there violate 42 U.S.C. 1985 by entering into a conversation and pre arranged plan with Deputies Neph and Rocha to deny this plaintiff breathing treatment, evaluation, and denture adhesives. They further planned escalation in behavior by Deputy Neph as a reason to extend this plaintiffs Segregation time. This act was committed in a place of confidence for the purpose of interfering with civil rights, due to the fact there was no objectively reasonable cause to obstruct or impede plaintiffs liberty interests. As a result of this conduct, this plaintiff was injured in fact, at law, and in equity. There is video evidence to support this claim.

Defendant #5 Sgt. Tannehill

* On December 2nd 2022, between the hours of 855 PM thru 0200 hrs on December 3rd 2022, Sgt. Tannehill did then and there violate this plaintiffs 14th Amendment Rights to Due Process and Equal Protection of the laws Because Sgt. Tannehill served the "Formal Disciplinary Report/ Notice" and the "Request for Witnesses document"; and the limited Due Process rights specifically guarantee a legible report. This plaintiff was deprived of a legible copy at the time of service, approximately 0120 hrs on Dec 3rd 2022. Sgt. Tannehill was wearing Axon Body Cam and this interaction at cell 1-04 MA was recorded in entirety. This plaintiff is on this video attempting to advocate for a legible copy of the documents, and Sgt. Tannehill openly states he does not care. This plaintiff also raise issues about lack of Due Process, in the Previous Segregation Sanction Again Sgt. Tannehill says he does not care. This specific posture or attitude is indicative of Deliberate Indifference and Tacit Authorization. and this plaintiff therefore avers this is an unwritten policy and customary way that things are handled at SCADF. Because Due Process hearings and charges at Sedgwick County Adult Detention Facility Implicate substantial Liberty Interests this Plaintiff has standing at law and equity to recover for any injuries sustained by these acts and unwritten policies. Because the SCADF properly serves "Advance Written Notice of Disciplinary Charges" it can be reasonably and plausibly inferred that this defendant has extensive experience and Knowledge

that his actions on December 3rd 2022 were a Violation of this plaintiffs Constitutional Rights. This defendant is therefore incapable of Showing an objectively reasonable purpose to deprive plaintiff of legible copies of the reports. As a direct result of this conduct, this plaintiff was injured in fact, at law; and in equity.

* On December 2nd 2022 between the hours of 2055 PM and 0200 hrs on Dec 3rd 2022, Sgt Tannehill did then and there Violate KSA 21-5416 (a) Mistreatment of a confined person in violation of the laws of the State of Kansas. As a direct result of this conduct this plaintiff was injured in fact, at law, and in equity.

* On December 2nd 2022 between the hours of 2055 PM and 0200 hrs on Dec 3rd 2022, Sgt Tannehill did then and there violate 42 U.S.C. 1985 Conspiracy to Interfere with Civil Rights, by entering into a Conversation, and providing directives to Deputy Neph regarding the Disciplinary Reports

On December 2nd 2022 between the hours of 2055 PM and 0200 hrs on Dec 3rd 2022, Deputy Neph did then and there violate 42 U.S.C. 1985 Conspiracy to Interfere with Civil Rights, by entering into a Conversation and common scheme to create false reports and claims, that

Defendant Vital Core
#4
Between July 1st 2022 and Feb 28th 2023 Vital Core, the company named herein; did then and there violate KSA 21-5416 (a) on multiple dates and times. This company violated the Laws of Kansas in Mistreating a Confined Person. There are unknown / unnamed actors at the management level that engaged in this conduct over an extended period of time. The conduct in this instance includes deprivation of Prosthetic Device (Dentures), Deprivation of Access to Competency Restoration Satelite program that uses Tele-Vide Conferencing to Larned State Hospital. Deprivation of Medical Care and Evaluation for injuries sustained due to exposure to severely toxic Methane Gases in Cell 1-04 MA on Nov 14th 2022 thru Nov 19th 2022. Deprivation of the proper denture adhesive between November 27th 2022 thru Feb 1st 2023. Deprivation of Competency Program was between July 1st 2022 and Nov 3rd 2022 Mistreating of a confined person is knowingly abusing, neglecting, or ill treating any person who is detained by any law enforcement officer.

On December 2nd 2022 Vital Core, the company violated this plaintiffs 14th Amendment Rights by its employee Nurse Jane Doe aiding and abetting the actions of Deputy Neph, when this plaintiff was refused care and then assaulted by Neph in the clinic entrance while handcuffed. This company has acted with Deliberate Indifference and

Tacit Authorization, in allowing a culture of bad conduct and unwritten policy with no oversight. This plaintiff has exhausted all available remedies administratively and at law. As a result of this conduct, plaintiff has suffer actual injuries. There is a substantial grievance and Kite history prior to this incident on Dec 2nd 2022

Cause of Action

Defendant #6 Lt. Barth  Defendant #7 Capt. Smith
Defendant #8 Sedgwick County Bd. County Commissioners
Defendant #9 Jeff Easter - Sheriff

Count 2  Laws and Rights Violations

a) 8th Amendment violations - Cruel and Unusual Punishment
b) KSA 21-5416 Mistreatment of a Confined Person

Facts

On or about November 14th 2022 at 0200 hrs this plaintiff was moved from cell 7-21 MA to Segregation Cell 1-04 MA to serve a disciplinary sanction until December 3rd 2022. This plaintiff was escorted by Sgt. Hinshaw and told to enter cell. Due to the fact it was in the middle of the night, the lights were off. This plaintiff was moved from pod 7 because I requested my hour out and shower. Due to Substantially understaffed facility, Deputy Habash did ask Sgt. Hinshaw to cause the move. Immediately after entering the cell the night light began a strobing or flashing which caused an effect on this plaintiffs equilibreum, thereby causing a fall and minor injury. Approximately 20 minutes after being placed in cell 1-04 MA and using the toilet it became clear that human waste (excrement) was severely jammed and backflowing into the bowl Immediately this plaintiff requests corrective action

by Deputy Kaljuma. He makes a documented work order for plumbers to come unplug the toilet. Everyday that goes by between Nov 14th thru Nov 19th 2022, this plaintiff shows officers and the Mental Health personnel. The whole segregation pod has strong fumes of Methane Gas, with the cell 1-04 MA extremely strong. Pod 1 logs will show documented entries and emails. Lt Barth and unknown housing sergeants tell pod deputies not to move me. Monday morning Nov 19th 2022 Plumber Joe comes and uses an Air Plunger to fix the issue. This repair took 30 seconds to accomplish.

Defendant #6 Lt. Barth

Between Nov 14th thru Nov 19th 2022, Lt. Barth did then and there violate this plaintiffs 8th Amendment Rights - Cruel and Unusual Punishment thru Deliberate Indifference. Telling staff to leave this plaintiff in cell 1-04 MA despite being told or advised that this was a substantial risk of serious harm, and then refusing to take corrective action. Because Methane Gas fumes are approximately 25 times more toxic than carbon dioxide gases in the same quanities, the cell has an area of approximately 48 sq ft with a volume of 384 cubic ft and no substantial ventilation to evacuate fumes and gases, It is easily to

infer from all available information this rises to a sufficiently serious condition. There is absolutely no objectively reasonable purpose to refuse to correct the situation immediately. As a result of this deliberately indifferent and tacitly authorized methods of administration and management, this Plaintiff suffered injuries to the respiratory and other related bodily systems. This plaintiff still experiences severe headaches, burning throat, and wheezing or shortness of breath that was not present before the dates alleged herein. As a result this plaintiff was injured in fact, at law; and in equity. With medical care refused

Defendant #7 Capt. Smith
Between Nov 14th thru Nov 19th 2022, Capt. Smith did then and there violate this plaintiffs 8th Amendment Rights - Cruel and Unusual Punishment thru Deliberate Indifference. This defendant was made aware by email or phone calls by Pod 1 deputies regarding the Plumbing Issues in cell 1-04 MA and took no corrective actions; despite being told or advised that this was a substantial risk of serious harm. Because Methane Gas from human waste is approximately 25 times more toxic than Carbon Dioxide gases in the same quanity with no substantial ventilation to evacuate fumes and gases, It is easy to infer from all available information, this rises to a sufficiently serious condition. There is no objectively reasonable purpose to refuse to correct this situation immediately.
As a direct result of this, Plaintiff is injured in fact

at law, and in equity.

Defendant #6 Lt. Barth

Between November 14th thru Nov 19th 2022, Lt. Barth did then and there violate KSA 21-5416 Mistreatment of a confined person, in violation of the laws of the State of Kansas. Mistreating a confined person is knowingly abusing or ill treating any person who is detained or confined by any law enforcement officer. Lt. Barth created the IOF Documents on computer that establish how someone in Segregation can be dealt with. He further received emails or phone calls from pod deputies notifying him of the backed up sewage issues in cell 1-04MA

Defendant #7 Capt. Smith

Between Nov 14th thru Nov 19th 2022 Capt. Smith did then and there. violate KSA 21-5416 Mistreatment of a Confined Person, in violation of the laws of the State of Kansas. Mistreating a confined person is Knowingly abusing or ill treating any person who is detained or confined by any law enforcement officer. Capt. Smith received at least one phone call by a pod deputy in Pod 1 due to lack of action by Lt. Barth in taking corrective action. Capt Smith also failed to take objectively reasonable action to correct the situation. between Nov 14th thru Nov 19th 2022.

Defendant #9 Jeff Easter

Between Nov 14th 2022 thru Nov 19th 2022 Jeff Easter did then and there, violate KSA 21-5416 Mistreatment of a confined person, in violation of the laws of the State of Kansas. Mistreating a confined person is Knowingly abusing or ill treating any person who is detained or confined by any law enforcement officer. Due to Deliberate Indifference and Tacit Authorization and unwritten policies and customs combined with the extensive and substantial plumbing issues at the SCADF, this plaintiff was victimized and suffered Actual Injuries to respiratory system, and continues to suffer severe headaches, wheezing, burning lungs, and sore throat due to 5 days exposure in severely toxic conditions of Cell 1-04MA

A major contributing factor to the current plumbing issues at SCADF Stem from Jeff Easter policies regarding 1 roll of toilet paper per wk, which leads to inmates using linen, towels, and other articles as replacement for toilet paper. As a result of the actions and policies implemented by Jeff Easter this plaintiff was mistreated

Defendant #8 Sedgwick County Bd of County Commissioners

Between Nov 14th 2022 thru Nov 19th 2022 the Sedgwick County Bd. of County Commissioners, did then and there violate KSA 21-5416, Mistreatment of a Confined Person in violation of the laws of the State of Kansas Deliberate indifference and tacit authorization with an unwritten policy and practice to allow this Sheriff's

administration to operate without accountability or oversight. This board of elected individuals has extensive Knowledge about multiple issues, and lawsuits in this court alleging similar complaints. Failure to implement policies and procedure and allowing crimes by deputies in administration and legal department to freely aid and abet the other defendants conduct.

Cause of Action

Defendant #4
Vital Core Medical

Defendant #9
Jeff Easter

Count #3

a) Violations of 8th Amendment Rights & 14th Amendment Rights

b) Violations of KSA 21-5416 Mistreatment of Confined Person

Facts

On November 27th 2022 thru February 1st 2023 this Plaintiff is refused denture adhesives that actually work. The period of time that the deprivation occurred is capped at 60 days, as Vital Core Nurse Ryan and Megan met with this plaintiff around Feb 2nd/3rd and at that time aquiessed the most qualified feedback would undoubtably be provided by this plaintiff At this meeting the agreement was made for a quality generic Fixodent brand from Walmart, and this plaintiff was allowed oppurtunity to train medical staff by demonstrating the correct procedure to apply the adhesives to the denture plates.

Therefore the damages/injury period is 60 days During this period this plaintiff endured injury and breathing difficulties, and several serious events of choking on food. Once an individual becomes used to daily 24/7 denture use, over an extended period going without creates a high risk situation.

To exacerbate this situation, this plaintiff was isolated in a single room, in segregation; the majority of the time. Corporate Vital Core initially attempted to

provide some very poor quality product from Diamond Pharmaceutical Co. Immediately upon trying to use the dangerous and inferior product. It begins to dissolve into chunks of goo, that causes choking This was immediately reported to Vital Core and immediately the response was, that is the only thing I would be receiving, despite having to pay out of pocket for it, each month.

It was not until legal dept. for Vital Core became aware I was suing for $5,000,000 for every 30 days, was the change in decision and attitude readily apparent. Vital Core staff consistently says the Denture Adhesive issue is a Detention Admin issue, and its up to them. In contrast Detention Staff repeatedly say its the clinic or Vital Core issue to deal with.

In regards to Detention Administration, denture adhesives were never used to melt windows, other products made with petroleum and the rubber security pencils were the primary accellerants / fuels used.

In regards to denture adhesives being a neccesity, in 2010-11, DDS. Dr. Murry, the dentist that fitted the dentures plate and plaintiff made choices in the actual fitment and adjustments whereby adhesives were a prescribed necessity. Initially the dentures were too tight causing severe headaches. Once an individual becomes acclimated and accustomed

to wearing prosthetic devices (dentures), to go without creates a substantial amount of pain in regards to chewing, and a substantial risk of choking on food. This plaintiff has been booked into Sedgwick County Jail a number of times between 2011 thru 2022 In every single incidence, Prosthetic Device use has been declared to the jail Intake Nurse, and again in every incidence, denture adhesives were prescribed as "Keep On Person" items and supplied by the clinic / medical contractors. Corizon Medical, Wellpath Medical, and then Vital Core recognized and adopted this patients need for denture adhesives, thereby implicating a liberty Interest This plaintiff has always paid $5.00 per tube for a 3 oz tube which lasts between 14-20 days The basis for the clinic supplying denture adhesive was rooted in the fact that commisary / store frequently failed to deliver product, despite taking money off inmate spending account. Then to get refunded money was a seperate significant problem. Between Nov 27th 2022 and Feb 1st 2023, several other inmates at SCADF also experienced the exact same issues as this plaintiff, thereby establishing complete veracity in claims about the inferior quality product being supplied. As of June 1st 2022 SCADF and Vital Core have substantial notice and unequivocally aware, this plaintiff was a protected class individual

and this is based on Actual Knowledge specifying this Plaintiff "Unable to Assist in Making Such Persons Defense" through a ComCare Competency Evaluation Report that clearly establishes TBI-Injury History dated back to 2013 in Kansas and 2007 in Minnesota.

The TBI Injuries sustained in Minnesota were the result of hitting a Deer on a Motorcycle at over 100 Mph on Interstate 90 in Mower County. Plaintiff was not wearing a helmet. In 2021 in Sedgwick County Kansas, in City of Wichita, rogue SCAT Officers of WPD Shot this plaintiff in back, and deliberately smashed into the back of plaintiff on a motorcycle, thereby sending plaintiff flying across the roadway over 150 feet. Again this plaintiff was not wearing a helmet, and sustained head injuries. This is a seperate issue and forthcoming lawsuit currently being drafted.

In late November 2022, once the substantial deprivation of adhesives began, and this plaintiff began the notification process, E Kite letters of demand to correct the issue of deprivation, and grievance process. Exhaustion of Remedy process was thorough. Neither defendant can demonstrate an objectively reasonable purpose for the deprivation or conduct by either defendant.

This plaintiff provided a plethora of notice via Interoffice Mail, E Kites, Grievances, and the filing of legal causes of action in this court to satisfy

the subjective componets of a Culpable Mental state, and Discriminative Attitude disregarding an excessive risk to this plaintiffs safety.

To substantiate the Knowledge and need for denture adhesives, Vital Core prescribed it from the beginning of their taking over the Medical Services contract at SCADF, and adopted it from Wellpath Medical; the previous medical provider. At no time, did this company refuse to prescribe or to stop taking funds from plaintiffs account.

In Feb 14th 2022, this plaintiff arrived at a court appearance, whereby Judge Kaufman had me taken into custody. I was booked into SCADF with $2105.00 a tube of denture adhesive, a phone; and 3 debit cards. Approximately 2 months after remaining at the jail, Vital Core nurse Charrel retrieved the tube of denture adhesive from a SCADF Property Corporal and brought it to me in pod 17.

This inextricably ties SCADF and Vital Core having the requisite state of mind and Knowledge of this plaintiffs need for denture adhesive.

Therefore both defendants were substantially aware of facts from which and inference could be drawn, and that inference has and was drawn, on multiple occasions

Several of the Med-Pass nurses and LPN/RN Nurses advocated to the Vital Core Administration employees

because they are the point of contact on a daily basis. Because of responses by nurses, and absolutely no direct contact with Vital Core administration until Feb 3rd 2023. This plaintiff is suing the Vital Core Medical company and properly names them as Defendant #4. Because of similar circumstances and responses by detention staff, this plaintiff properly names Jeff Easter as Defendant #9

Defendant #4 Vital Core
On Nov 27th 2022 thru February 1st 2023, Vital Core did then and there violate plaintiff Christopher Gilmores 8th and 14th Amendment Rights at least 60 times by depriving use of prosthetic device (dentures) on 60 seperate days. Because this defendant had actual notice and Knowledge, and intentionally refused to take corrective action until Feb 1st 2023, this establishes Deliberate Indifference and Tacit Authorization over an extended period of time. To further exacerbate the issue, Vital Core Nurse Jane Doe refused breathing treatment and any denture adhesives on Dec 2nd 2022, thereby aiding and abetting this plaintiff being physically assaulted by Deputy Neph in the Clinic managed by this company. As a result of the Intentionally Deliberate Indifference, this plaintiff sustained

actual physical injuries, pain and suffering, and had further liberty interests implicated thereby resulting in an additional 35 days of segregation time added. The record is sufficiently developed on the E-Kite system that administrative remedy is exhausted. The violations of plaintiffs rights were complete, by Vital Core acting under Color of Law, therefore plaintiff is entitled to remedy under 42 U.S.C. 1983

Defendant #4 Vital Core

On Nov 27th 2022 thru February 2023, Vital Core did then and there violate KSA 21-5416 Mistreatment of a Confined Person at least 60 times by refusing to supply denture adhesives and the use of prosthetic device (dentures). Each calender day qualifying as a seperate incident based on the prescribed use schedule of 1 time per day, in the providers written order. Mistreatment of a Confined Person is Knowingly abusing, neglecting, or ill treating any person who is detained or confined by any law enforcement officer, or by any person in charge of or employed by the owner or operator of any correctional institution. To further exacerbate the facts of this charge, Vital Core nurse Jane Doe refused any type of treatment or evaluation on December 2nd 2022 for breathing issues and suffering related to the

ongoing deprivation of prosthetic device and adhesives. The medical records and prescription records are well established at Wellpath and VitalCore at SCADF therefore VitalCore Knowingly abused, neglected, and ill treated this plaintiff in violation of KSA 21-5416 which resulted in injuries, assault, and suffering. It further resulted in loss of liberty interests and additional 35 days of unjustified and illegal Seg Sanctions. Therefore this plaintiff is entitled to remedy at law and in equity.

Defendant #9 Jeff Easter

On Nov 27th 2022 thru Feb 3rd 2023, Jeff Easter did then and there violate, or aid and abet the violation of this plaintiffs 8th and 14th Amendment Rights at least 60 times, thru direct involvement, indirect administrative involvement, Deliberate Indifference and Tacit Authorization directly and thru the acts of subordinates acting under his directives Defendant Easter had actual Knowledge and notice that this plaintiffs rights and liberty interests were being violated by December 5th 2022, both due to the December 2nd 2022 incident involving use of force illegally by Deputy Neph, thru E Kites and Grievances that were being forwarded to Laura Oblinger, and thru the Professional Standards Unit preliminary reports involving Neph. The 14th Amendment prohibits deliberate indifference

to pretrial detainee medical needs. This plaintiff shows a need medically for denture adhesive by and thru Prescription Records history by Wellpath Medical and VitalCore medical at SCADF. The subjective componet is met by Jeff Easter and Sheriff Depts. deliberate disregard of prescription order in place by stating I couldn't have adhesives because other people were burning holes in jail windows. He completely disregards an unececesary and excessive risk to plaintiff health and safety thru this decision making process. This is established by the facility and Vital Core placing KOP - Keep on Person adhesives onto the med carts for dispencing by nurse once a day. The violations of plaintiffs rights were complete by, Jeff Easter acting under Color of Law, therefore plaintiff is entitled to remedy Under 42 U.S.C 1983

Defendant #9 Jeff Easter did then and there Violate KSA 21-5416 between November 27th 2022 thru Feb 3rd 2023 by Mistreating a Confined Person in violation of Laws of State of Kansas, in excess of 60 times due to Administration Directives, Deliberate Indifference and Tacit Authorization, and by aid and abetting the conduct by Vital Core thru implementation of policies and rules preventing this plaintiff from receiving prescribed denture adhesives

The medical records, prescription records, and intake evaluation reports and chrono-logs at SCADF are extensive therefore Defendant Easter either directly and indirectly participated in the abuse, neglect, and ill treatment that resulted in actual injuries, assault, and suffering as a result thereof. It further resulted in unjustified or objectively reasonable loss of liberty interests by 35 days of additional segregation sanctions. Therefore this Plaintiff is entitled to remedies at law and equity.