IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER GILMORE,**

    **Plaintiff,**

    v.                                          **CASE NO. 22-3316-JWL**

**(FNU) NEPH, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed. (*See* Memorandum and Order to Show Cause, Doc. 8) ("MOSC"). Before the Court for screening is Plaintiff's Amended Complaint (Doc. 12) ("AC"). Also before the Court is Plaintiff's response to the MOSC (Doc. 10), Plaintiff's Objection to the order granting him leave to proceed in forma pauperis (Doc. 9), and Plaintiff's Motion for Court Ordered Martinez Report (Doc. 11).

**I. Nature of the Matter before the Court**

Plaintiff brings the following counts in the Amended Complaint:

    **A. Count I – Eighth Amendment Violation – Excessive Force**

Plaintiff alleges that he was assaulted by Deputy Neph on December 2, 2022, at the Sedgwick County Jail ("SCJ") medical clinic. Neph was escorting Plaintiff to the clinic because Plaintiff was having breathing issues due to ineffective denture adhesive. Plaintiff had his hands cuffed behind his back and was holding his dentures in his hands. Plaintiff avers that Neph said that if the clinic visit was about denture issues, he would be locking Plaintiff down with more segregation time. Doc. 12, at 17. Plaintiff responded that the visit was related to issues with

breathing due to "prosthetic device deprivation." *Id*. at 18. According to the AC, Plaintiff and Neph engaged in a verbal altercation all the way to the clinic. Eventually, Plaintiff tells Neph that "his name would be added to a Federal lawsuit for violating rights and deliberate indifference." *Id*. at 19.

When they arrived at the clinic, the nurse on duty refused to discuss the issue of denture adhesive again with Plaintiff, and Neph began attempting to jerk Plaintiff by grabbing onto his right elbow and forearm. *Id*. He then attempted a wristlock/armbar and finger bending. Plaintiff alleges that Neph became "so enraged by his failure to place this plaintiff into a submission or other pain inflicting position, and he also fail[ed] to dislodge false teeth from [Plaintiff's] hands, that he [lost] self control and slam[med] his hand(s) around [Plaintiff's] neck and attempt[ed] to choke [him] against the wall." *Id*. at 20. "After a few seconds," Deputy Cadet intervened and stopped Neph. *Id*. Plaintiff was escorted back to his cell, the cuffs were removed, and Plaintiff told Cadet he wanted to file "Felony Aggravated Battery charges" against Neph. *Id*.

According to Plaintiff, Neph claims Plaintiff assaulted him by grabbing his hands while Plaintiff was being handcuffed at the clinic. *Id*. at 21. Plaintiff states this is false because he had cuffs on from the time he left his cell at 8:50 p.m. until he was returned to his cell at 9:03 p.m. *Id*.

Plaintiff alleges that he has "stiffness" in his right wrist and stiffness and pain in his neck, and jaw area, as well as "persistent headaches" as a result of the incident. *Id.* at 23.

Plaintiff asserts that the incident was planned in advance by Neph, Rocha, and the unidentified Vital Core nurse to "effect reprisal" on Plaintiff for a previous incident involving Rocha. *Id*. at 21-22. He therefore mentions a claim for conspiracy to violate his constitutional rights. Plaintiff also states that "it is reasonable that the Vital Core nurse and Rocha did not foresee

this situation developing into violations of civil rights, aggravated battery and a lawsuit." *Id*. at 22.

As part of Count I, Plaintiff also names Sergeant Tannehill as a defendant. He alleges that Tannehill reviewed video of the incident and spoke to Neph. Tannehill then served Plaintiff with an illegible disciplinary report for battery on Neph. *Id*. at 27.

### B. Count II – Eighth Amendment Violation – Conditions of Confinement

Plaintiff alleges that he was confined to a segregation cell without a working toilet from November 14, 2022, through November 19, 2022. He states that he was exposed to high levels of methane gas. He claims he suffered injury to the "respiratory and related bodily systems" and is still experiencing severe headaches, burning throat, and wheezing or shortness of breath. *Id*. at 33. He names Easter, Smith, Barth, and the Sedgwick County Board of Commissioners as defendants to this count.

### C. Count III – Eighth Amendment Violation – Cruel and Unusual Punishment

Plaintiff alleges that from November 27, 2022 through February 1, 2023, he was refused denture adhesive that actually worked. On February 2, Plaintiff met with Vital Core staff, and they agreed to provide him with generic Fixodent. He alleges that he "endured injury and breathing difficulties and several serious events of choking on food" while forced to use the adhesive initially provided to him by Vital Core. *Id*. at 37. Plaintiff asserts that several other inmates experienced the same problems with the inferior adhesive.

Plaintiff names Sheriff Easter and Vital Core as defendants to this count.

### D. Relief Sought

Plaintiff seeks relief in the form of a declaratory judgment stating that Defendants violated his constitutional rights, compensatory damages of $500,000 per each individual defendant and

$10,000,000 from Vital Core, and punitive damages of $5,000 per day from June 1, 2022, through January 1, 2023. He further seeks injunctive relief "commanding all acts that are violations of rights cease and desist" and recovery of lost income and expenses from June 1, 2022, at $40,000 per month. *Id*. at 15.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

Ct. at 1974).

## III. DISCUSSION

After reviewing Plaintiff's Complaint, the Court finds that the Complaint is subject to dismissal for the following reasons.

### A. Count I – Eighth Amendment Violation – Excessive Force

"Excessive force claims are cognizable under the Fourth, Fifth, Eighth, and Fourteenth Amendment, depending on where in the criminal justice system the plaintiff is at the time of the challenged use of force." *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1169 (10th Cir. 2021) (citation omitted). Claims of mistreatment while in state pretrial confinement are not covered by the Fourth Amendment or the Eighth Amendment. *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019). They are assessed under the Fourteenth Amendment. *Id*.

The Supreme Court held in *Kingsley v. Hendrickson* that "the appropriate standard for a pretrial detainee's excessive[-]force claim is solely an objective one" and that therefore "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Brown v. Flowers*, 974 F.3d 1178, 1182 (10th Cir. 2020) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473–74, 192 L. Ed. 2d 416 (2015)); *see also Colbruno*, 928 F.3d at 1163 ("[T]here is no subjective element of an excessive-force claim brought by a pretrial detainee.").

Not every isolated battery or injury to an inmate amounts to a federal constitutional violation. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (stating that not "every malevolent touch by a prison guard gives rise to a federal cause of action.") (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace

of a judge's chambers, violates a prisoner's constitutional rights")). In *Snyder v. Spilde*, the District Court of Colorado considered an incident similar to the one upon which Plaintiff's claim is based and found as follows:

> Merely grabbing and twisting Mr. Snyder's arms does not allege a constitutional violation. *See e.g., Norton v. The City of Marietta*, 432 F.3d 1145, 1156 (10th Cir. 2005) (dismissing claim in which prison guards were alleged to have injured prisoner by grabbing him around his neck and twisting it because the guards' actions were not objectively harmful enough to establish a constitutional violation); *Reed v. Smith*, No. 97-6341, 1999 WL 345492, at *4 (10th Cir. 1999) (dismissing excessive force claim based on allegations that prison officials grabbed inmate, tried to ram him into a wall, and dragged him while walking him through the prison); *Marshall*, 415 Fed. App'x at 853–54 (dismissing excessive force claim based on allegations that corrections officer dug his fingernails into prisoner's arm without cause to do so resulting in redness and bruising). *Accord De Walt v. Carter*, 224 F.3d 607, 610–11 (7th Cir. 2000) (holding that shoving a prisoner into a doorframe, which resulted in bruising on his back, did not state a constitutional violation); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (holding that bumping, grabbing, elbowing, and pushing a prisoner was "not sufficiently serious or harmful to reach constitutional dimensions."); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (pushing cubicle-cell wall onto prisoner's leg, causing bruises, was insufficient use of force to state a constitutional violation); *Olson v. Coleman*, 804 F. Supp. 148, 149–50 (D. Kan. 1982) (single blow to prisoner's head while escorting him into prison, causing contusion, was de minimis use of force not repugnant to conscience of mankind).

*Snyder v. Spilde*, No. 15-cv-2169-GPG, 2016 WL 1059612, at *3–4 (D. Colo. March 17, 2016).

Plaintiff's allegations are that Defendant Neph twisted his wrist or arm, while cuffed, and choked him for a few seconds. The MOSC found that these allegations fail to state a claim for violation of Plaintiff's constitutional rights. The AC does not substantially alter the allegations. While the conduct described by Plaintiff is far from commendable, it does not rise to the level of a constitutional violation. Count I is therefore subject to dismissal. Furthermore, Plaintiff's claim of conspiracy to violate his constitutional rights is subject to dismissal because he has not

demonstrated that his rights were violated. *See Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995) (in order to prevail on a section 1983 conspiracy claim, plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right").

### B. Count II – Eighth Amendment Violation – Conditions of Confinement

The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)); *see also Hooks v. Atoki*, 983 F.3d 1193, 1203–04 10th Cir. 2020) (declining to extend *Kingsley's* exclusively objective standard for pretrial detainees' excessive force claims to Fourteenth Amendment deliberate indifference claims).

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001).

To state a claim of cruel and unusual punishment, the plaintiff has to establish "deliberate indifference." The deliberate indifference standard includes both an objective and subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Martinez*, 430 F.3d at 1304. The objective component is met only if the condition complained of is "sufficiently serious." *Farmer*, 511 U.S. at 832.

With regard to the subjective component, the plaintiff must prove that the defendant acted with a culpable state of mind. *Farmer*, 511 U.S. at 834, 837 ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *McBride*, 240 F.3d at 1291; *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001) (Deliberate indifference "requires both knowledge and disregard of possible risks."). It is not enough to establish that the official should have known of the risk of harm. *Farmer*, 511 U.S. at 837–38; *Barney*, 143 F.3d at 1310.

Because the sufficiency of a conditions of confinement claim depends upon "the particular facts of each situation[,] the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain*, 264 F.3d at 974 (*quoting Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id.*; *Barney*, 143 F.3d 1311. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to

an Eighth Amendment violation, while substantial deprivations. . . may meet the standard despite a shorter duration." *Id.*

Courts have recognized that inmate exposure to sewage can constitute a serious risk to health.  Nonetheless, the frequency and duration of the condition must be considered is assessing whether the condition is sufficiently serious to support a constitutional claim.  *Shannon*, 257 F.3d at 1168.  For example, a "filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."  *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978).  "Courts have repeatedly held that similar and far worse conditions fail to state a claim because of the brief nature of the incarceration."  *Barney*, 143 F.3d at 1311 (*citing Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994)  (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (eleven day stay in unsanitary cell not unconstitutional because of relative brevity of stay and availability of cleaning supplies); *Harris v. Fleming*, 839 F.2d 1232, 1235–36 (7th Cir. 1988) (five day stay in "filthy, roach-infested cell" not unconstitutional); *Ogbolu v. McLemore*, 107 F.3d 21, *2 (10th Cir. 1997) (cold, wet, drafty, and unsanitary cell for two days does not violate Eighth Amendment).  Here, Plaintiff alleges that he was in a segregation cell without a working toilet for 4-5 days.  He asserts that he was exposed to high levels of methane gas.  Again, Plaintiff's allegations do not rise to the level of a violation of his constitutional rights.

In addition, Plaintiff's failure to cite evidence of physical injury to him from these conditions precludes the recovery of damages based on this claim.  *See Dickinson v. New Mexico Behavioral Health Institute*, 335 F. App'x. 729, 734 (10th Cir. 2009) (where plaintiff alleged unit was unsanitary and smelled of urine and feces, he could not recover compensatory damages absent proof of physical injury from the conditions); *see also* 42 U.S.C. § 1997e(e).

Last, Plaintiff names four defendants to this count but does not allege the personal participation of Easter or the Board of Commissioners. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

When discussing these defendants, Plaintiff refers to "tacit authorization" and "unwritten policies." An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

### C. Count III – Eighth Amendment Violation – Cruel and Unusual Punishment

"The Fourteenth Amendment prohibits deliberate indifference to a pretrial detainee's serious medical needs." *Crowson v. Wash. Cty.*, 983 F.3d 1166, 1178 (10th Cir. 2020) (internal quotation marks and citation omitted). The two-part Eighth Amendment inquiry governs. *Id.*

Objectively, the deprivation must be sufficiently serious to constitute a deprivation of a constitutional dimension; and subjectively, a prison official must know of and disregard an excessive risk to inmate health or safety. *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Martinez*, 430 F.3d at 1304 (quoting *Farmer*, 511 U.S. at 834 (quotation omitted)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted)).

Plaintiff has not satisfied either facet of an Eighth Amendment claim here. He states no facts suggesting that Fixodent is a basic human need or that the lack of his choice of denture adhesive caused, or was likely to cause, him any serious physical harm. He mentions breathing difficulties and choking hazard but only in a conclusory manner. He does not allege that a medical professional has determined that he has a serious medical need for his preferred denture adhesive. Furthermore, without any allegations suggesting that a doctor has diagnosed Plaintiff with a

medical need for Fixodent, the Court cannot find that any defendant knew preventing him from obtaining this product posed an excessive risk of harm to his health. For the stated reasons, the Court concludes that Plaintiff has not presented sufficient factual matter in his Amended Complaint to state an Eighth Amendment claim.

### D. Claims of State Criminal Law Violations

Plaintiff includes allegations that certain defendants violated K.S.A. 21-5413, Aggravated Battery, and K.S.A. 21-5416, Mistreatment of a Confined Person.  These are criminal statutes and are not enforceable through a civil lawsuit.

### IV. Pending Motions

In an Objection and Motion for Waiver of Fees (Doc. 9), Plaintiff argues that he should not be required to pay the filing fee because he is involuntarily committed.  He states that he was committed for competency restoration in connection with two state criminal cases, which have been "suspended." Doc. 9, at 5.

28 U.S.C. § 1915 provides that prisoners may proceed without prepaying the filing fee in certain circumstances but are still required to pay the full fee over time.  The statute defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law . . .." 28 U.S.C. § 1915(h). Based on Plaintiff's description of his status, he is detained in a facility and accused of violations of criminal law.  Therefore, he qualifies as a prisoner under 28 U.S.C. § 1915, and his request for waiver of the filing fee is denied.

Plaintiff also filed a Motion for Court Ordered Martinez Report (Doc. 11).  Because the Court has found that his Amended Complaint fails to state a claim under 42 U.S.C. § 1983 and is subject to dismissal, the motion is denied.

## V. Conclusion

For the reasons described above, the AC does not cure the deficiencies in the initial Complaint, deficiencies the Court in the MOSC concluded rendered this matter subject to dismissal in its entirety. Accordingly, the Court will dismiss this matter for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Objection and Motion for Waiver of Fees (Doc. 9) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Court Ordered Martinez Report (Doc. 11) is **denied**.

**IT IS SO ORDERED**.

**Dated April 21, 2023, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**