IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER GILMORE,**

    **Plaintiff,**

    v.                                                                                          CASE NO. 22-3316-JWL

**(FNU) NEPH, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing Plaintiff was in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ").[1] The Court granted Plaintiff leave to proceed in forma pauperis. On April 21, 2023, the Court entered a Memorandum and Order dismissing this case for failure to state a claim. (Docs. 13, 14). Plaintiff filed a Notice of Appeal (Doc. 20) on July 27, 2023, and the matter is currently pending on appeal. This matter is before the Court on Plaintiff's Motion for Emergency Injunctive Relief/Order (Doc. 33).

On February 7, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The underlying facts are set forth in detail in the Court's MOSC. In summary, Plaintiff brought excessive force and conditions of confinement claims. On April 21, 2023, this matter was dismissed for failure to state a claim.

---

[1] Plaintiff is now housed at the Larned State Hospital. (Doc. 31.)

Plaintiff notes in his motion that he has been transferred to Larned State Hospital and asks the Court to enjoin the Sedgwick County Sheriff's Department from shipping or destroying his personal property and legal papers that are currently stored at the SCJ. (Doc. 31, at 1.) Plaintiff alleges that he was transferred to Larned on September 19, 2023, and was told that his property would be thrown away if someone did not pick it up within 30 days. *Id*. Plaintiff alleges that other detainees are allowed to store their property at the SCJ until they return. *Id*. at 2. He argues that he will be back at the SCJ in approximately 90 days—after his commitment at Larned concludes. *Id*. Plaintiff argues that his legal documents pertain to his state and federal cases. *Id*. Plaintiff asks the Court to order the Sedgwick County Sheriff's Department to store his property until he returns to the SCJ. *Id*. at 3.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. He has not indicated why he is unable to find someone to pick up his property within the 30-day deadline. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against

something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The movant must also establish a relationship between the injury claimed in their motion and the conduct alleged in the complaint. *Little*, 607 F.3d at 1251 (citation omitted); *see also Hicks v. Jones*, 332 F. App'x 505, 507–08 (10th Cir. 2009) (affirming denial of injunctive relief where movant sought relief on "a matter lying wholly outside the issues in [his] suit"). Plaintiff's claims in his Complaint are unrelated to the injunctive relief sought.

This case was dismissed on April 21, 2023. The relief Plaintiff seeks has no relationship to the claims in his Complaint. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such

procedure or it is inadequate.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").  Kansas prisoners have an adequate state post-deprivation remedy.  *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property).  Plaintiff has failed to allege that an adequate post-deprivation remedy is unavailable.

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.  The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Emergency Injunctive Relief/Order (Doc. 33) is **denied.**

**IT IS SO ORDERED**.

**Dated October 6, 2023, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
